**Hajredin MADZURIC, Petitioner,**

v.

**Peter D. KEISLER, United States Attorney General,[1] Respondent.**

No. 06–4747–ag.

United States Court of Appeals, Second Circuit.

Oct. 18, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Gregory Marotta, Belle Mead, NJ, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Jeffrey J. Bernstein, Senior Litigation Counsel, Rebecca Niburg, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, District of Columbia, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Hajredin Madzuric, a native of the former Yugoslavia and citizen of the former Serbia and Montenegro, seeks review of the September 18, 2006 order of the BIA affirming the June 9, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hajredin Madzuric*, No. A77 341 405 (B.I.A. Sept. 18, 2006), *aff'g* No. A77 341 405 (Immig. Ct. N.Y. City, June 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the decision 2 of the IJ without

issuing an opinion, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

■ Compulsory military service generally does not provide asylum seekers with adequate cause for claiming persecution. *See, e.g., Foroglou v. INS*, 170 F.3d 68, 71 (1st Cir.1999); *Krastev v. INS*, 101 F.3d 1213, 1217 (7th Cir.1996). However, an individual may be eligible for asylum if: (1) his or her refusal to serve in the military leads to "disproportionately excessive penalties" inflicted because of one of the five protected grounds; or (2) he or she is fleeing to avoid punishment for refusing to join a "military force condemned by the international community." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (internal quotation marks omitted).

Here, substantial evidence supports the IJ's conclusion that Madzuric failed to demonstrate that he would face "disproportionately excessive penalties" on account of a protected ground due to the fact that he avoided forced conscription into the Serbian army. The IJ properly noted that Madzuric had not suffered any past harm on account of a protected ground.[2] Moreover, the IJ properly concluded that the country conditions information in the record did not support Madzuric's assertion that he was likely to face excessive penalties on account of a protected ground.

■ Finally, while the IJ failed to consider the possibility that Madzuric's refusal to join a "military force condemned by the international community" independently established past persecution, *Islami*, 412 F.3d at 396–97, the IJ's finding that country conditions in Serbia and Montenegro have substantially changed since Madzuric's departure rendered any error harmless, *see id.* at 397–98. Indeed, we take judicial notice of the fact that in June 2006, Montenegro declared independence from Serbia, whose army was responsible for the attempted conscription that caused Madzuric to flee. *Cf. Latifi v. Gonzales*, 430 F.3d 103, 106 n. 1 (2d Cir.2005).

In light of the foregoing, substantial evidence supports the IJ's decision to deny asylum based on changed country conditions. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *Islami*, 412 F.3d at 398.

Madzuric's failure to challenge the IJ's denial of his withholding of removal and CAT claims before the BIA precludes our review; therefore, we dismiss his petition for review with respect to those claims. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, the pending motion for a stay of removal is DISMISSED as moot.

---

**2.** Madzuric's argument that the IJ erred by failing to consider the cumulative effect of the past harm he suffered on account of his ethnicity is without merit. While unfortunate, the harassment at school and general discrimination that he described would not rise to the level of persecution, even in the aggregate. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006); *Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005).